**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CA 05 083 S

| | | |
|---|---|---|
| FRANCES CHRISTIAN, Plaintiff | : | C.A. NO.: |
| vs. | : | |
| UNITED STATES OF AMERICA, Defendant | : | JURY TRIAL DEMANDED |

## VERIFIED COMPLAINT

### I. NATURE OF THE ACTION

In this civil action, the Plaintiff, Frances Christian, claims damages from the Defendant, the United States of America, pursuant to federal law and the Federal Tort Claims Act, as amended (28 U.S.C. §2671, *et seq*.). The jurisdiction of this Court is invoked to provide damages for personal injuries caused by the negligent and wrongful acts and omissions of federal employees while acting within the scope of their employment, under circumstances where the Defendant, if a private person, would be liable to Plaintiff in accordance with the law of the State of Rhode Island.

### II. PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, Frances Christian, is a citizen of the United States and resides at 12 South Woody Hill Road in the Town of Westerly, County of Washington, and State of Rhode Island.

2. The Defendant, the United States of America, is, and at all times relevant hereto was, the employer of the Plaintiff, at its place of business located at the Fleet and Family Support Center, Naval Station Newport, in the City of Newport, County of Newport, and State of Rhode Island.

3. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1346(b).

4. The Plaintiff presented her claim to the appropriate officials in the United States Navy ("Navy") more than six months ago and has not received a final disposition, and therefore, considers it denied pursuant to 28 U.S.C. § 2675(a).

## III. FACTUAL ALLEGATIONS

5. Plaintiff began her employment with the Defendant in a civil service capacity on or about July 1, 2002 as a Relocation Program Specialist at the Fleet and Family Support Center, Naval Station Newport, Newport, Rhode Island ("FFSC").

6. At all times relevant hereto, Mary K. Silvia ("Silvia") was the Director of the Fleet and Family Support Center, until her removal from FFSC on or about July 24, 2003.

7. At all times relevant hereto, Mary A. Corriveau ("Corriveau") was Plaintiff's immediate supervisor, and reported directly to Silvia.

8. At all times relevant hereto, Plaintiff's job performance was more than satisfactory.

9. In her capacity as Director of FFSC, Silvia regularly and persistently engaged in offensive, abusive, intimidating, malicious, bullying, and insulting behaviors, creating a hostile work environment at FFSC.

10. In her supervisory and managerial capacities at FFSC, Corriveau regularly and persistently engaged in offensive, abusive, intimidating, malicious, bullying, and insulting behaviors, creating a hostile work environment at FFSC.

11. Plaintiff has suffered and continues to suffer great mental and emotional stress as a result of the hostile work environment at FFSC.

12. Upon information and belief, the Commander, Navy Region Northeast Office of the Inspector General ("Inspector General"), on or about May 9, 2003, received a walk-in hotline complaint concerning mismanagement and improprieties by Silvia at FFSC.

13. Upon information and belief, the Inspector General conducted an investigation of the complaints against Silvia at FFSC following the walk-in hotline complaint received on or about May 9, 2003 ("Investigation").

14. Upon information and belief, the Inspector General, as a result of its Investigation, concluded, *inter alia,* that Silvia treated subordinates in an abusive and hostile manner creating a hostile work environment at FFSC, and that these were repeat allegations previously investigated and substantiated by the Defendant in 1994 concerning the same subject.

15. During the period of the Investigation which started immediately following the May 9, 2003 complaint and continued until mid-July, Silvia was allowed to continue in her capacity as Director of FFSC.

16. As a result of the findings of the Investigation, Silvia was removed from her position as Director of FFSC on or about July 24, 2003.

17. In or about July 2003, Corriveau repeatedly called Plaintiff at home and hung up on her when she answered.

## IV. CAUSES OF ACTION

### Count I
### Negligent Hiring/Supervision/Retention

18. Plaintiff realleges paragraphs 1 through 17 and incorporates the same herein by reference.

19. Prior to hiring Silvia as the Director at FFSC, the Defendant had the duty and obligation to conduct a reasonable inquiry into to the past work performance of Silvia, including without limitation, any history of wrongful and unlawful behaviors.

20. At all times material herein, the Defendant knew, or reasonably should have known, that Silvia and Corriveau were engaging in wrongful and unlawful behaviors described herein above.

21. At all times material herein, the Defendant knew, or reasonably should have known, that the conduct, acts, and failure to act of the Defendant, and its agents and employees, violated Plaintiff's rights under the law.

22. At all times material herein, the Defendant knew, or reasonably should have known, that the incidents, conduct, acts, and failures to act described herein above, would and did proximately result in emotional distress to Plaintiff, including without limitation, loss of sleep, loss of work, anxiety, tension, depression, and humiliation.

23. At all times material herein, the Defendant had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, and/or penalize the conduct of Silvia and Corriveau.

24. Despite said knowledge, power, and duty, the Defendant negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act, or to otherwise protect Plaintiff.

25. As a direct and proximate result of the failure of the Defendant to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its supervisors, agents, or employees as alleged herein above, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of,

ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failure to act.

26. As a direct and proximate result of the Defendants actions, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress; she has incurred and may continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

Count II
Intentional Infliction of Emotional Distress

27. Plaintiff realleges paragraphs 1 through 26 and incorporates the same herein by reference.

28. Defendant engaged in extreme and outrageous conduct in that the Defendant, through its agents and employees, regularly and persistently engaged in offensive, abusive, intimidating, malicious, bullying, and insulting behaviors, creating a hostile work environment at FFSC, and, through agents and employees, abused its special position as Plaintiff's superiors, which vested them with substantial power to control her work environment and damage her interests and well-being, all to Plaintiff's detriment.

29. Through the conduct described above, agents and employees of Defendant acted with the intent to cause, or the reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

30. Defendant, through its agents and employees, confirmed and ratified the conduct described herein with knowledge that Plaintiff's distress would increase, and did so with wanton and reckless disregard of the consequences to Plaintiff.

31. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress; she has incurred and may continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

## Count III
## Negligent Infliction of Emotional Distress

32. Plaintiff realleges paragraphs 1 through 31 and incorporates the same herein by reference.

33. Defendant engaged in negligent conduct in that the Defendant, through its agents and employees, regularly and persistently engaged in offensive, abusive, intimidating, malicious, bullying, and insulting behaviors, creating a hostile work environment at FFSC, and, through agents and employees, abused its special position as Plaintiff's superiors, which vested them with substantial power to control her work environment and damage her interests and well-being, all to Plaintiff's detriment.

34. Through the conduct described above, agents and employees of Defendant acted with the intent to cause, or the reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

35. Defendant, through its agents and employees, confirmed and ratified the conduct described herein with knowledge that Plaintiff's distress would increase, and did so with negligent disregard of the consequences to Plaintiff.

36. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress; she has incurred and may continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## Count IV
## Infringement of Right to Privacy

37. Plaintiff realleges paragraphs 1 through 36 and incorporates the same herein by reference.

38. Defendant, through its agents and employees, in violation of Rhode Island General Laws § 9-1-28.1, *et seq.* unreasonably intruded upon Plaintiff's physical solitude and seclusion by calling her at home and hanging up when she answered.

39. The acts of Defendant, through its agents and employees, of placing telephone calls to Plaintiff at her home and hanging up when she answered, is an invasion of Plaintiff's home life which is entitled to be private or expected to be private.

40. The invasive telephone call to Plaintiff's home was offensive and objectionable.

41. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress; she has incurred and may continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

## Count IV
## Violations of Rhode Island Whistleblower's Act

42. Plaintiff realleges paragraphs 1 through 41 and incorporates the same herein by reference.

43. Defendant, through its agents and employees, discriminated against Plaintiff with regard to her terms and conditions of employment in violation of the Rhode Island Whistleblower's Act (R.I. Gen. Laws § 28-50-1, *et seq.*) because Plaintiff participated in the Investigation of the Inspector General concerning violations by Silvia of the laws, rules and regulations of the United States.

44. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress; she has incurred and may continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant plus interest and costs.

Respectfully submitted,

FRANCES CHRISTIAN
By Her Attorneys,

Dated: 22 FEB 05

Frank J. Flanagan, Esq., #4858
M. Elizabeth Stachura, Esq., #3640
SAYER REGAN THAYER & FLANAGAN
130 Bellevue Avenue, Unit 2
Newport, Rhode Island 02840
401-849-3040

VERIFICATION

I, the undersigned, on oath depose and state that I am the Plaintiff in this action, and having read the foregoing Verified Complaint do hereby swear to the truth of all the allegations contained therein, except as to those allegations which are stated to be upon information and belief, which allegations I believe to be true.

Frances A. Christian
FRANCES CHRISTIAN

Subscribed and sworn to before me at Newport, Rhode Island, this 22nd day of February, 2005

M. Elizabeth Stachura
Notary Public
Name: M. Elizabeth Stachura
My Commission Expires: 1/10/2009